## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LAURA COBB, KARA COBB**<br>    Plaintiff, | )<br>)<br>)<br>) |
| **vs.** | ) **Civil Action No. 1:12-cv-12253** |
| | ) |
| **PERFORMANT RECOVERY, INC.,**<br>**JOHN DOES, and JANE DOES**<br>    Defendants, | )<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### *I.    INTRODUCTION*

1. This is an action for actual and statutory damages brought by plaintiffs Kara Cobb and

Laura Cobb, individual consumers, against Defendants' violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which

prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, by

these Defendants and their agents in their illegal efforts to collect a consumer debt from

Plaintiff.

1

## II.    JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Since Defendants transacts business here, personal jurisdiction is established.

## III.    PARTIES

4.  Plaintiff, Laura Cobb is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Suffolk County, in the state of Massachusetts.

5.  Plaintiff, Kara Cobb is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Suffolk County, in the state of Massachusetts.

6. Defendant, Performant Recovery, Inc. is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Alameda County, in the state of California.

7. Defendant John Does 1-10 (hereinafter "Defendant John Does") are natural person(s) who were employed by Defendants as collection agents, whose identities are currently unknown to Plaintiffs. Defendant John Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. Defendant Jane Does 1-10 (hereinafter "Defendant Jane Does") are natural person(s) who was employed by Defendants as collection agents, whose identities are currently unknown to Plaintiffs. Defendant Jane Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

9. Plaintiffs are informed and believe, and thereon alleged, that Defendants use instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts. Defendants are engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

3

10.  At all relevant times, Defendants acted through it duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. FACTUAL ALLEGATIONS

11.  Sometime before December 5, 2012, Plaintiffs allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

12.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiffs.

13.  The debt that Defendants are attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

14.  Defendants then within one year prior to the filing of this complaint, began contacting Plaintiffs, and placing collection calls to Plaintiffs prior to December 5, 2012; seeking and demanding payment for an alleged consumer debt owed under an account number.

4

15. Upon information and belief, within one year prior to the filing of this complaint, Defendants threatened to garnish Plaintiff Kara Cobb itself, when it does not have the ability to do so, and also threatened to put a lien on the home of Plaintiff Laura Cobb, when it does not have the ability to do so.

## SUMMARY

16. All of the above-described collection communications made to Plaintiffs by each individual Defendant and other collection employees employed by Defendant Performant Recovery, Inc. were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

17. The above-detailed conduct by these Defendants of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

18. As a result of the acts alleged above, Defendants caused Plaintiffs to become very upset because of the aggressive manner in which this debt was collected by these Defendants.

19. Plaintiffs suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, frustration, upset, amongst other negative emotions.

20.  Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiffs.

### *RESPONDEAT SUPERIOR LIABILITY*

21.  The acts or omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant Performant Recovery, Inc. who communicated with Plaintiffs as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Performant Recovery, Inc.

22.  The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Performant Recovery, Inc. in collecting consumer debts.

23.  By committing these acts and omissions against Plaintiffs, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant Performant Recovery, Inc.

24.  Defendant Performant Recovery, Inc. is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees,

including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Plaintiffs.

## V.   *CAUSES OF ACTION*

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

25.  Plaintiffs repeat, reallege, and incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.  The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Plaintiffs:

(a)  Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(b)  Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

(c) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

(d) Defendant violated *§1692d(5)* of the FDCPA by engaging in any conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of a debt.  Without limiting the application of the foregoing[.]

27. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

28.  As a result of the foregoing violations of the FDCPA, Defendants are liable to the Plaintiffs for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## VI.    *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against each Defendant for the following:

A. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, in an amount to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D. Punitive damages.

E. For such other and further relief as the Court may deem just and proper.

Dated:  December 5, 2012

RESPECTFULLY SUBMITTED,
By: /s/ Kevin Crick
Kevin Crick
BBO:  680950
Consumer Rights Law Firm, PLLC
300 Brickstone Square, Suite 902
Andover, Massachusetts 01810
Phone: (978) 212-3300
Fax: (978) 409-1486
kevinc@consumerlawfirmcenter.com
**Attorney for Plaintiff**

***DEMAND FOR JURY TRIAL***

Please take notice that plaintiffs Laura Cobb and Kara Cobb demand trial by jury in this

action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.